**HUAXIN JIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77044.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 2, 2008.

Vargas & Associates, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ann Brickley, Esq., U.S. Department of Justice Criminal Div., Public Integrity Section, Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

MEMORANDUM **

Huaxin Jin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were the opinion of the BIA. *Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999). We review the IJ's adverse credibility findings for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Jin's asylum application is untimely and thus statutorily ineligible for asylum, because the IJ's determination is based on Jin's failure to credibly establish her arrival date, a disputed fact. *Cf. Ramadan v. Gonzales*, 479 F.3d 646, 656–657 (9th Cir.2007).

Substantial evidence supports the IJ's adverse credibility determination because it is based upon Jin's unresponsive testimonial demeanor, *see Singh–Kaur*, 183 F.3d at 1151, and Jin's failure to establish that she was a Christian, a finding that goes to the heart of Jin's claim that she was persecuted for practicing Christianity. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004).

Because the record does not compel the conclusion that Jin's testimony was credible, she has not established eligibility for withholding of removal. *See Farah v.*

*Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Jin's CAT claim also fails because she did not show that it is more likely than not she will be tortured if removed to China. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055–56 (9th Cir.2006).

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

